# EXHIBIT A

FREDSON, STATMORE, BITTERMAN LLC
ANDREW L. STATMORE, ESQ.
Attorney ID: 021671995
200 BROADACRES DRIVE, SUITE 180
BLOOMFIELD, NJ 07003
Attorney for Plaintiff
Our File No.: 26456

**RECEIVED JUN 2 8 2021 BY:**

| | |
|---|---|
| LAMAR SPENCER,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBART CORPORATION, ITW FOOD EQUIPMENT GROUP, LLC, CHEESECAKE FACTORY RESTAURANTS INC., CT CORPORATION SYSTEM, JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: ESX-L-4638-21<br><br>CIVIL ACTION<br><br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above: **ITW Food Equipment Group LLC**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ *Michelle M. Smith*

Clerk of the Superior Court

DATED: June 15, 2021

Name of Defendant to Be Served: **ITW Food Equipment Group LLC**

Address of Defendant to Be Served: **701 South ridge Ave. Troy, Ohio 45374**

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

**FREDSON STATMORE BITTERMAN, LLC**
ANDREW L. STATMORE, ESQ
Attorney ID: 021671995
200 Broadacres Drive, Suite 180
Bloomfield, NJ 07003-3156
(973)777-8600
Attorney for Plaintiff
FILE # 26456

| | |
|---|---|
| LAMAR SPENCER,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBART CORPORATION, ITW FOOD EQUIPMENT GROUP, LLC, CHEESECAKE FACTORY RESTAURANTS INC., CT CORPORATION SYSTEM, JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: ESX-L- 4638-21<br><br>CIVIL ACTION<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, Lamar Spencer, residing 212 North Munn Avenue, in the city East Orange, county of Essex, state of New Jersey, complaining of the Defendants states as follows:

### FIRST COUNT

1. On or about 11/11/2019, the plaintiff, Lamar Spencer, was on the Defendants' premises or property in the state of New Jersey located at or around 1700 Willowbrook Blvd, Wayne, NJ 07470.

2. At that time and place the Defendants did either maintain, operate, own, control, manage or otherwise had a nexus with the aforesaid premises or property.

3. Upon information and belief, Defendants transact business in Essex County, New Jersey.

4. As the result of the negligence of the Defendants the plaintiff was injured.

5. The aforesaid accident was caused wholly and solely by reason of the carelessness

and negligence of the Defendants, their agents, servants and/or employees in the creation, maintenance, operation, ownership, control, management, construction or nexus with the aforesaid premises and property.

6. As a result of the negligence aforesaid, Plaintiff, Lamar Spencer, suffered severe injuries of both temporary and permanent nature, endured great pain and suffering, will require to seek and obtain medical care and treatment in an effort to relief pain and cure injuries and was otherwise incapacitated from activities.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## SECOND COUNT

1. Plaintiff repeats each and every allegation as if set forth at length herein.

2. Plaintiff hereby makes claim from any medical payment provisions or other benefits to injured persons on any insurance policies available from any defendant herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## THIRD COUNT

1. Plaintiff repeats each and every allegation as if set forth at length herein.

2. The aforementioned product was altered, modified, or otherwise changed by the Defendant employer, The Cheesecake Factory Restaurants Inc.

3. By making the aforementioned changes, the Defendant Employer, Cheesecake Factory Restaurants Inc., negligently and/or intentionally exposed the Plaintiff to the risk of serious injury.

4. The aforesaid conduct of the Defendant, The Cheesecake Factory Restaurants Inc., was so egregious as to cause a reasonable person to conclude with practical certainty that

Case 2:21-cv-13483-MCA-MAH   Document 1-1   Filed 07/09/21   Page 5 of 14 PageID: 13
06/16/2021 12:30:23 PM -0400 FAXCOM ANYWHERE                                     PAGE 12 OF 20

ESX-L-004638-21   06/14/2021 10:47:00 AM Pg 3 of 10 Trans ID: LCV20211431455

some employee of The Cheesecake Factory Restaurants Inc. would be injured in the very manner which occurred to the Plaintiff. As a direct and proximate result of the aforesaid negligent and/or intentional acts of the Defendant, The Cheesecake Factory Restaurants Inc., the Plaintiff, Lamar Spencer, sustained injuries and other damages as previously set forth herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## FOURTH COUNT

1. On or about 11/11/2019, the Plaintiff was using a product known designed, manufactured, distributed, sold, supplied, maintained, and/or repaired by the Defendants.

2. While using the aforesaid product, Plaintiff suffered a severe injury.

3. Defendants were engaged in the business of designing, inspecting, manufacturing, distributing, selling, rebuilding, installing, servicing, leasing, maintaining, repairing, assembling promoting, or otherwise putting into the stream of commerce various products and component parts thereof, including the aforesaid product.

4. That as a result of the carelessness and negligence of the Defendant(s), Plaintiff has in the past and will in the future suffer and sustain severe personal injuries, both temporary and permanent; suffer permanent consequential limitations of use of body organs and members; suffer significant limitation of use of body functions or systems; suffer severe pain, anguish and emotional distress; suffer incapacity and be limited and restricted in normal activities or occupations; and be caused to expend substantial sums of money for medical treatment in an effort to relieve pain and cure injuries.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## FIFTH COUNT

1. Plaintiff repeats each and every allegation as if set forth at length herein.

2. That sometime prior to the aforesaid date, the defendants knew the purposes for which said product was to be used and the Plaintiff as a foreseeable user of this product relied upon the skill and judgment of the Defendants.

3. When the Defendants put the product into the stream of commerce, it was expressly and/or impliedly warranted that the product was reasonably fit, suitable and safe for the ordinary purposes for which it was to be used and that said product was of good and merchantable quality.

4. The aforesaid warranties breached by the Defendants

5. As a result of the aforementioned, Plaintiff was injured as aforesaid.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

### SIXTH COUNT

1. Plaintiff repeats each and every allegation as set forth at length herein.

2. The Defendants failed to give proper notice, direction or warning to the anticipated and/or foreseeable users of this product in order to avoid the consequences suffered by the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

### SEVENTH COUNT

1. Plaintiff repeats each and every allegation as set forth at length herein.

2. Prior to the aforementioned date the Defendants placed said product into the steam of commerce knowing that it would be dangerous and hazardous if defective. The product was defective and not reasonably fit, suitable or safe for the ordinary purposes for which it was intended.

3. Said defects arose because of the actions of the Defendants while the product was in their care, custody and control; and the defects proximately caused the injuries sustained by the Plaintiff.

4. By reason of the aforesaid, the defendants are strictly liable in tort for the injuries sustained by the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## EIGHTH COUNT

1. Plaintiff repeats each and every allegation as if set forth at length herein.

2. The Defendants, upon information and belief, acted with willful, and reckless disregard for the safety of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly and/or severally for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, and such other relief as the Court deems equitable and just.

## TRIAL DESIGNATION

Andrew L. Statmore is hereby designated as trial counsel on behalf of Plaintiff.

## JURY DEMAND

Plaintiff demands trial by jury.

## CERTIFICATION

I hereby certify pursuant to Rule 4:5-1 that the matter in controversy is not the subject of any other action or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and no other party should be joined in this action at this time.

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to R.4:18-1, plaintiff hereby demands that you produce the following documents within 30 days from the date hereof which are in this defendant's care, custody, control, possession and/or that of their counsel.

This request is intended to cover all documents that this party is authorized to retrieve including financial documents and/or medical documents.

As used in this request, the term "document" means, without limitation, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand:

Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memorandum, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or other records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultation, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, motion, releases, drafts, letters, any marginal comments appearing on any and all documents and all other writings.

These requests are continuing and include documents which may hereafter come into your actual or constructive possession, custody or control.

If a document is responsive to more than one request, it is to be noted as to which request(s) the document applies.

If you believe that any of the following requests call for the production of material to which a claim or privilege applies, for each document state:

    A.    Identify the document;

    B.    State the claim or privilege being relied upon not to produce it;

    C.    State the date and the subject matter of the document;

    D.    State the name of the person who prepared the document;

    E.    State the name of the person for whom the document was intended.

The purpose of the above is to properly identify the document so the judge who hears a motion will have appropriate reference.

## REQUESTS

1. Any and all written statements and/or transcription from any recorded statement(s), recording or any oral statement(s), and summaries of all interviews directly or indirectly concerning the above captioned litigation made by any of the parties to this litigation or of any witnesses to the events surrounding the subject matter accident or occurrence or the events which immediately followed thereafter.

2. All photographs, still pictures, motion pictures, video tapes, and/or any other visual depiction relating to any product, injury, location and/or other item involved in his litigation.

3. Any work orders, invoices and/or other documents relating any way to any product, service, purchase, or maintenance or any item involved in this litigation.

4. Copies of any textbook, papers, safety codes, findings and/or reports of any governmental agency or other authority with respect to the any alleged defects and/or negligent condition alleged in this litigation.

5. Copies of all written accident or investigation reports concerning this accident or occurrence.

6. Any and all copies of reports, correspondence, memoranda and writings rendered by any expert witness employed or consulted by this answering party or anyone acting on this answering party's behalf concerning this matter.

7. The complete investigative file prepared by this answering party, this party agents, servants and employees, or this party's insurance carrier.

8. Copies of any and all medical reports, records and bills generated as a result of the injuries sustained in this matter by this answering party, including all hospital and emergency rooms records.

9. Copies of all documentation evidencing a claim for lost wages.

10. A copy of the Declaration Page of the policy of insurance that insured this defendant at the time of the occurrence which gives rise to the within litigation.

11. Copies of any and all documentation other than that supplied above on which this defendant will rely at the time of trial.

12. Set forth any other litigation that this defendant has been involved in with respect to the issues raised by the plaintiff's complaint. For each set forth:

   A. The caption of the case, the location where the case pended, and a docket or identifying index number;

   B. The names of the attorneys who represented each of the parties;

   C. Any allegations as to negligence and/or warranty;

   D. Describe the occurrence of the event which gave rise to the litigation;

   E. Describe the outcome of each allegation of the plaintiff(s) in each of the litigations.

## DEMAND FOR ANSWERS TO FORM C AND C4 UNIFORM INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to R.4:17-1(b)(ii) plaintiff demands certified answers to Form C and C(4) of the Uniform Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. If there are multiple defendants state each defendant's relationship to the other(s).

2. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury? YES [ ] NO [ ]

   If the answer is "YES", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person making it; (e) whether or not it was made in the regular

course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

3. If the defendant disputes the accuracy or truthfulness of any statement in plaintiff's answers to interrogatories, or testimony at the deposition, regarding the manner or happening of the accident, state specifically which statements are disputed, what defendant claims is the true stated facts, and the basis of the defendant's knowledge or belief.

4. State if this defendant is aware of any accidents or injuries at the place of plaintiff's accident, within a ten year period prior to the plaintiff's accident and if so state the date, name of the person involved, a description of the accident, the type of injury involved, and if an attorney represented that individual.

5. If plaintiff's claim involves an injury on property, set forth the name, address, and employer of every janitor, superintendent, or other person charged with maintaining the premises where the plaintiff was injured.

6. If plaintiff's claim involves an injury on property, state how frequently the place where plaintiff was injured was inspected prior to the date of the accident.

7. If plaintiff suffered an injury as a result of ice and/or snow, state how long the condition existed prior to the date of the injury, and last time that the snow or ice was removed from the area where the accident occurred.

8. Identify every document that this defendant will be introducing at the time of trial. Describing each sufficiently so as to be the subject of a Notice To Produce. In lieu of description, attach a copy of each document.

9. If the defendants contend in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendants will rely in support of said

contention. Annex hereto copies of all medical records or other documents upon which defendants will rely in support of said contention.

10. If defendants contend that plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state:

    a. The date of any and all said injuries; and

    b. The nature of any said injuries.

FREDSON STATMORE BITTERMAN, LLC

BY: _____
ANDREW L. STATMORE, ESQ

Dated: June 11, 2021

06/16/2021 12:30:23 PM -0400 FAXCOM ANYWHERE PAGE 20 OF 20
Case 2:21-cv-13488-CCC-MAH Document 1-1 Filed 07/09/21 Page 13 of 14 PageID: 21
Received

ESX-L-004638-21 06/14/2021 10:47:00 AM Pg 1 of 1 Trans ID: LCV20211431455

# Civil Case Information Statement

### Case Details: ESSEX | Civil Part Docket# L-004638-21

**Case Caption:** SPENCER LAMAR VS HOBART CORPORATION
**Case Initiation Date:** 06/14/2021
**Attorney Name:** ANDREW LAWRENCE STATMORE
**Firm Name:** FREDSON STATMORE BITTERMAN LLC
**Address:** 200 BROADACRES DR STE 180
BLOOMFIELD NJ 07003
**Phone:** 9737778600
**Name of Party:** PLAINTIFF : Spencer, Lamar
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Lamar Spencer?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ ANDREW LAWRENCE STATMORE
Signed

ESX L 004638-21  06/15/2021 4:21:22 AM Pg 1 of 1 Trans ID: LCV20211438350

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    JUNE 14, 2021
                        RE:      SPENCER LAMAR  VS HOBART CORPORATION
                        DOCKET:  ESX L -004638 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN L. PETRILLO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 776-9300 EXT 56908.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                               ATT: ANDREW L. STATMORE
                               FREDSON STATMORE BITTERMAN LLC
                               200 BROADACRES DR
                               STE 180
                               BLOOMFIELD       NJ 07003

ECOURTS